IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| UNITED STATES OF AMERICA, | Cause No. CR 12-57-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO REDUCE SENTENCE |
| DAVID JOSEPH SANDERS, | (Defendant Not Eligible) |
| Defendant. | |

On August 2, 2017, Defendant Sanders moved the Court to reduce the sentence to reflect the reduction of drug offenders' sentences under a retroactively applicable amendment to the United States Sentencing Guidelines. *See* U.S.S.G. App. C Supp. Amendments 782, 788 (eff. Nov. 1, 2014). A district court may reduce an already-imposed sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Once a sentence is imposed, a court's authority to alter it is limited. *See* 18 U.S.C. § 3582(c). Sanders points to an amendment reducing base offense levels for drug offenses. But Sanders' sentence was based on the career offender

1

guideline, U.S.S.G. § 4B1.1.[1] *See* Sentencing Tr. (Doc. 39) at 13:19-14:10, 16:20-17:1; Presentence Report ¶ 33. U.S.S.G. § 1B1.10(a) provides that 18 U.S.C. § 3582(c)(2) applies only where a reduction is "consistent with this policy statement" in § 1B1.10.

While a 2-level reduction under Amendment 782 would reduce Sanders' base offense level, it would not "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). That range would remain 120-150 months. A reduction under Amendment 782 "is not consistent" with U.S.S.G. § 1B1.10 and "therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2); *see also, e.g., United States v. Charles*, 749 F.3d 767, 770-71 (9th Cir. 2014).

Accordingly, IT IS HEREBY ORDERED that Sanders' motion to reduce the sentence based on Amendment 782 (Doc. 60) is DENIED.

DATED this 4th day of August, 2017.

Susan P. Watters
United States District Court

---

[1] The statutory maximum penalty was 20 years. *See* 21 U.S.C. § 841(b)(1)(C). The presentence report stated that the offense level under the career offender guideline was 29, reduced by three levels for acceptance of responsibility to 26, under U.S.S.G. § 4B1.1(b)(4). *See* Presentence Report ¶ 33. But U.S.S.G. § 4B1.1(b)(3) is pertinent to an offense with a maximum penalty of 20 years. It would have set the base offense level at 32, reduced by three levels to 29.